1   TOMIO B. NARITA (SBN 156576)
    tnarita@snllp.com
2   SARAH H. SCHEINHORN (SBN 294759)
    sscheinhorn@snllp.com
3   SIMMONDS & NARITA LLP
    44 Montgomery Street, Suite 3010
4   San Francisco, CA 94104-4816
    Telephone: (415) 283-1000
5   Facsimile: (415) 352-2625

6   Attorneys Defendant
    Portfolio Recovery Associates, LLC

7

8                    UNITED STATES DISTRICT COURT

9                   CENTRAL DISTRICT OF CALIFORNIA

10

11  MARK CLAYBORNE,              )   CASE NO.
                                 )
12           Plaintiff,          )   CV14-2234 E
                                 )
13                               )   NOTICE OF REMOVAL
                                 )
14      vs.                      )   By Fax
                                 )
15                               )
    PORTFOLIO RECOVERY           )
16  ASSOCIATES, LLC,             )
                                 )
17           Defendants.         )
    _____  )
18

19

20

21

22

23

24

25

26

27

28

1   TO THE CLERK OF THE ABOVE-ENTITLED COURT:

2          PLEASE TAKE NOTICE that defendant Portfolio Recovery Associates, LLC

3   ("Defendant"), a Delaware limited liability company, hereby removes to this Court

4   the state court action described below.

5          1.      On January 29, 2014, a complaint was filed against Defendant by

6   plaintiff Mark Clayborne ("Plaintiff"), in an action pending in the Superior Court of

7   the State of California in and for the County of Los Angeles, entitled *Mark*

8   *Clayborne v. Portfolio Recovery Associates, LLC,* Case No. 14K01600.  A copy of

9   the state court complaint ("Complaint") is attached hereto as **Exhibit A**.  On

10  February 13, 2014, a first amended complaint was filed and is attached hereto as

11  **Exhibit B.**

12         2.      This removal petition is timely under 28 U.S.C. § 1446(b) because

13  Defendant was first served with a copy of the First Amended Complaint on February

14  20, 2014.

15

16                              **JURISDICTION**

17         3.      This action is a civil action of which this Court has original jurisdiction

18  under 28 U.S.C. § 1331 and which may be removed to this Court by Defendant

19  pursuant to the provisions of 28 U.S.C. § 1441(a) in that the Complaint asserts

20  claims against Defendant under the Fair Debt Collection Practices Act, 15 U.S.C. §

21  1692, *et seq*.  *See* Exhibit B, at p. 2, ¶ 3.

22

23                                 **VENUE**

24         4.      The Complaint and First Amended Complaint were filed in the Superior

25  Court of California, County of Los Angeles.  *See* Exhibits A and B.  Venue in this

26  District Court is proper.  *See* 28 U.S.C. § 1441(a) (providing for removal "to the

27  district court of the United States for the district and division embracing the place"

28  where the state court action is pending); 28 U.S.C. § 84(c) (Central District

1   comprises the counties of Los Angeles, Ventura,  Santa Barbara, San Luis Obispo,

2   Orange, Riverside, and San Bernardino).

3         5.      Defendant is represented by the undersigned.

4

5   DATED: March 21, 2014                    SIMMONDS & NARITA LLP

6                                            TOMIO B. NARITA
                                             SARAH H. SCHEINHORN

7

8                                       By: _____

9                                            Sarah H. Scheinhorn
                                             Attorneys for defendant

10                                           Portfolio Recovery Associates, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Exhibit A

Todd M. Friedman (216752)
Nicholas J. Bontrager (252114)
Suren N. Weerasuriya (278521)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
**Attorneys for Plaintiff**

FILED
Superior Court Of California
County Of Los Angeles

JAN 2 9 2014

Sherri R. Carter, Executive Officer/Clerk
By_____, Deputy
Candice S. Calagno

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES
## LIMITED JURISDICTION

14K01600

|  |  |
|---|---|
| MARK CLAYBORNE,<br><br>Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES,<br>INC.,<br><br>Defendant. | Case No.<br><br>**COMPLAINT FOR VIOLATION**<br>**OF ROSENTHAL FAIR DEBT**<br>**COLLECTION PRACTICES ACT AND**<br>**FEDERAL FAIR DEBT COLLECTION**<br>**PRACTICES ACT**<br><br>**(Amount not to exceed $10,000)**<br><br>1.  Violation of Rosenthal Federal<br>Fair Debt Collection Practices Act<br>2.  Violation of Fair Debt Collection<br>Practices Act |

POS: 0 7 / 2 9 / 2014  TRIAL: 0 7 / 2 9 / 2015  OSC: 0 1 / 3 0 / 2017

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. This is also an action for common law breach of contract.

## II. PARTIES

2.      Plaintiff, Mark Clayborne ("PLAINTIFF"), is a natural person residing in Los Angeles County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.      At all relevant times herein, DEFENDANT, Portfolio Recovery Associates, Inc. ("DEFENDANT"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from PLAINTIFF which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f).   DEFENDANT regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4.      At various times prior to the filing of the instant complaint, including within one year preceding the filing of this complaint, DEFENDANT contacted PLAINTIFF in an attempt to collect an alleged outstanding debt.

5.      On or around August of 2013, DEFENDANT began contacting PLAINTIFF in regards to an alleged outstanding debt owed.

6.      DEFENDANT attempted to contact PLAINTIFF on a virtual daily basis.

7.      During all relevant times, DEFENDANT knew, or should have known, that DEFENDANT was calling PLAINTIFF at inconvenient places and/or times.

8.      The call from DEFENDANT to PLAINTIFF was in reference to the collection of an alleged debt owed, and the collection of this debt by DEFENDANT was not expressly authorized by the agreement between the PLAINTIFF and DEFENDANT.

9.   Defendant's conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

a)  Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f);

b)  Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1));

c)  Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1));

d)  Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§ 1692c(a)(1));

e)  Engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff (§ 1692d);

f)  Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

g)  Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code § 1788.11(d)); and

h)  Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e)).

10.   As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL
## FAIR DEBT COLLECTION PRACTICES ACT

11.   Plaintiff reincorporates by reference all of the preceding paragraphs.

12.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

        A.    Actual damages;
        B.    Statutory damages for willful and negligent violations;
        C.    Costs and reasonable attorney's fees,
        D.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT

13.    Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

        A.    Actual damages;
        B.    Statutory damages;
        C.    Costs and reasonable attorney's fees; and,
        D.    For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 24th day of January, 2014.

        By:
                Todd M. Friedman, Esq.
                Law Offices of Todd M. Friedman, P.C.
                Attorney for Plaintiff

Exhibit B

Todd M. Friedman (216752)
Nicholas J. Bontrager (252114)
Suren N. Weerasuriya (278521)
Law Offices of Todd M. Friedman, P.C.
369 S. Doheny Dr. #415
Beverly Hills, CA 90211
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
nbontrager@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
**Attorneys for Plaintiff**

**FILED**
Superior Court Of California
County Of Los Angeles

FEB 1 3 2014

Sherri R. Carter, Executive Officer/Clerk
By _Candice S. Calague_, Deputy
Candice S. Calague

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF LOS ANGELES
## LIMITED JURISDICTION

|  |  |
|---|---|
| MARK CLAYBORNE,<br><br>Plaintiff,<br><br>vs.<br><br>PORTFOLIO RECOVERY ASSOCIATES, LLC,<br><br>Defendant. | Case No. 14K01600<br><br>**FIRST AMENDED COMPLAINT FOR VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT AND FEDERAL FAIR DEBT COLLECTION PRACTICES ACT**<br><br>(Amount not to exceed $10,000)<br><br>1. Violation of Rosenthal Federal Fair Debt Collection Practices Act<br>2. Violation of Fair Debt Collection Practices Act |

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices. This is also an action for common law breach of contract.

FEB 2 1 2014

## II. PARTIES

2.      Plaintiff, Mark Clayborne ("PLAINTIFF"), is a natural person residing in Los Angeles County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3.      At all relevant times herein, DEFENDANT, Portfolio Recovery Associates, LLC ("DEFENDANT"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from PLAINTIFF which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). DEFENDANT regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4.      At various times prior to the filing of the instant complaint, including within one year preceding the filing of this complaint, DEFENDANT contacted PLAINTIFF in an attempt to collect an alleged outstanding debt.

5.      On or around August of 2013, DEFENDANT began contacting PLAINTIFF in regards to an alleged outstanding debt owed.

6.      DEFENDANT attempted to contact PLAINTIFF on a virtual daily basis.

7.      During all relevant times, DEFENDANT knew, or should have known, that DEFENDANT was calling PLAINTIFF at inconvenient places and/or times.

8.      The call from DEFENDANT to PLAINTIFF was in reference to the collection of an alleged debt owed, and the collection of this debt by DEFENDANT was not expressly authorized by the agreement between the PLAINTIFF and DEFENDANT.

9.  Defendant's conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

a)  Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f);

b)  Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1));

c)  Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1));

d)  Communicating with Plaintiff at times or places which were known or should have been known to be inconvenient for Plaintiff (§ 1692c(a)(1));

e)  Engaging in conduct the natural consequence of which is to harass, oppress or abuse Plaintiff (§ 1692d);

f)  Causing Plaintiff's telephone to ring repeatedly or continuously with intent to harass, annoy or abuse Plaintiff (§ 1692d(5));

g)  Causing a telephone to ring repeatedly or continuously to annoy Plaintiff (Cal. Civ. Code § 1788.11(d)); and

h)  Communicating, by telephone or in person, with Plaintiff with such frequency as to be unreasonable and to constitute harassment to Plaintiff under the circumstances (Cal. Civ. Code § 1788.11(e)).

10.  As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

11.  Plaintiff reincorporates by reference all of the preceding paragraphs.

12.    To the extent that Defendant's actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

      A.    Actual damages;
      B.    Statutory damages for willful and negligent violations;
      C.    Costs and reasonable attorney's fees,
      D.    For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT
## COLLECTION PRACTICES ACT

13.    Plaintiff reincorporates by reference all of the preceding paragraphs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against Defendant for the following:

      A.    Actual damages;
      B.    Statutory damages;
      C.    Costs and reasonable attorney's fees; and,
      D.    For such other and further relief as may be just and proper.

## PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 11th day of February, 2014.

By: _____

Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

NOTICE TO COUNSEL
(For use in Direct Assignment of Civil Cases to Magistrate Judges Program only)

*The court has directed that the following rules be specifically called to your attention:*

    I.      Notice of Right to Consent to Disposition of a Civil Case by a United States Magistrate Judge [28 U.S.C. § 636(c) and General Order 11-06].

    II.    Continuing Obligation to Report Related Cases (Local Rule 83-1.3.3)

    III.   Service of Papers and Process (Local Rule 4)

**I.    NOTICE OF RIGHT TO CONSENT TO DISPOSITION OF A CIVIL CASE BY A UNITED STATES MAGISTRATE**

*Pursuant to Local Rule 73-2, the initiating party must serve this notice and consent form CV-11C on each party at the time of service of the summons and complaint or other initial pleading.*

This case has been randomly assigned to Magistrate Judge        Eick        under the Direct Assignment of Civil Cases to Magistrate Judge Program in accordance with General Order 11-06. The case number on all documents filed with the court must read as follows:

## CV14-2234

The parties are advised that their consent is required if the above assigned magistrate judge is to conduct all further proceedings in the case, including trial and final entry of judgment pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. Should the parties not consent to proceed before the above assigned magistrate judge, the case will be randomly reassigned to a district judge. If this occurs, the parties cannot later consent to reassignment of the case to any other magistrate judge.

**The parties are further advised that they are free to withhold consent without adverse substantive consequences.** If the parties agree to the exercise of jurisdiction by the magistrate judge, the parties shall jointly or separately file a statement of consent setting forth such election. Except as provided in Local Rule 73-2.4.1.1, for cases originally filed in district court and initially assigned only to a magistrate judge, the statement of consent shall be filed within 42 days after service of the summons and complaint upon that defendant, and within 42 days by plaintiff after service upon the first-served defendant. If the United States, an agency of the United States, or an officer or employee of the United States is a defendant, the statement of consent shall be filed by the government defendant within 60 days after service of the summons and complaint upon that defendant.

For cases removed from state court and initially assigned only to a magistrate judge, a joint or separate statements of consent shall be filed by plaintiff and all defendants upon whom service has been effected, within 14 days after the notice of removal is filed.

Since magistrate judges do not handle felony criminal trials, civil trial dates are not at risk of being preempted by a felony criminal trial, which normally has priority. Further, in some cases, the magistrate judge may be able to assign an earlier trial date than a district judge. There may be other advantages or disadvantages which you will want to consider.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

| I. (a) PLAINTIFFS ( Check box if you are representing yourself ☐ ) | DEFENDANTS ( Check box if you are representing yourself ☐ ) |
|---|---|
| MARK CLAYBORNE | PORTFOLIO RECOVERY SERVICES, LLC |

| (b) County of Residence of First Listed Plaintiff | County of Residence of First Listed Defendant |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |

| (c) Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. | Attorneys *(Firm Name, Address and Telephone Number)* If you are representing yourself, provide the same information. |
|---|---|
| Todd M. Friedman (SNB 216752) <br> Law Offices of Todd M. Friedman, P.C. <br> 369 S. Doheny Drive, # 415, Beverly Hills, CA 90211 <br> 877-206-4741, Fax - 866-633-0228 | Tomio B. Narita (SBN 156576), Sarah H. Scheinhorn (SBN 294759) <br> Simmonds & Narita LLP <br> 44 Montgomery Drive, Suite 3010, San Francisco, CA 94104 <br> 415-283-1000, Fax - 415-352-2625 |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☐ 1. Original Proceeding

☒ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No  ☒ MONEY DEMANDED IN COMPLAINT: $ 10,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Plaintiff alleges violation of the Federal Fair Debt Collection Practice Act, 15 U.S.C. § 1692

BY Fax

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☐ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **TORTS** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | **PERSONAL PROPERTY** | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 370 Other Fraud | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☒ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 371 Truth in Lending | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 380 Other Personal Property Damage | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | ☐ 385 Property Damage Product Liability | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | **BANKRUPTCY** | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | ☐ 190 Other Contract | ☐ 350 Motor Vehicle | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 195 Contract Product Liability | ☐ 355 Motor Vehicle Product Liability | ☐ 423 Withdrawal 28 USC 157 | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 196 Franchise | ☐ 360 Other Personal Injury | **CIVIL RIGHTS** | **LABOR** | |
| ☐ 896 Arbitration | **REAL PROPERTY** | ☐ 362 Personal Injury-Med Malpractice | ☐ 440 Other Civil Rights | ☐ 710 Fair Labor Standards Act | |
| | ☐ 210 Land Condemnation | ☐ 365 Personal Injury-Product Liability | ☐ 441 Voting | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 220 Foreclosure | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 442 Employment | ☐ 740 Railway Labor Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 443 Housing/ Accommodations | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | | | ☐ 445 American with Disabilities-Employment | ☐ 790 Other Labor Litigation | |
| | | | ☐ 446 American with Disabilities-Other | ☐ 791 Employee Ret. Inc. Security Act | |
| | | | ☐ 448 Education | | |

| FOR OFFICE USE ONLY: | Case Number: | CV14-2234 |
|---|---|---|

| CV-71 (11/13) | CIVIL COVER SHEET | Page 1 of 3 |
|---|---|---|

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII.  VENUE**: Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned.  This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A:  Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| [X] Yes  [ ] No<br><br>If "no," go to Question B.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | [ ] Los Angeles | | Western |
| | [ ] Ventura, Santa Barbara, or San Luis Obispo | | Western |
| | [ ] Orange | | Southern |
| | [ ] Riverside or San Bernardino | | Eastern |

| Question B:  Is the United States, or one of its agencies or employees, a party to this action? | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| [ ] Yes  [X] No<br><br>If "no," go to Question C.  If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | A PLAINTIFF?<br><br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br><br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | [ ] Los Angeles | [ ] Los Angeles | Western |
| | [ ] Ventura, Santa Barbara, or San Luis Obispo | [ ] Ventura, Santa Barbara, or San Luis Obispo | Western |
| | [ ] Orange | [ ] Orange | Southern |
| | [ ] Riverside or San Bernardino | [ ] Riverside or San Bernardino | Eastern |
| | [ ] Other | [ ] Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? (Make only one selection per row) | A.<br>Los Angeles County | B.<br>Ventura, Santa Barbara, or San Luis Obispo Counties | C.<br>Orange County | D.<br>Riverside or San Bernardino Counties | E.<br>Outside the Central District of California | F.<br>Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |
| Indicate the location in which a majority of defendants reside: | [ ] | [ ] | [ ] | [ ] | [X] | [ ] |
| Indicate the location in which a majority of claims arose: | [X] | [ ] | [ ] | [ ] | [ ] | [ ] |

| C.1. Is either of the following true?  If so, check the one that applies: | C.2. Is either of the following true?  If so, check the one that applies: |
|---|---|
| [ ] 2 or more answers in Column C | [ ] 2 or more answers in Column D |
| [ ] only 1 answer in Column C and no answers in Column D | [ ] only 1 answer in Column D and no answers in Column C |
| Your case will initially be assigned to the SOUTHERN DIVISION.<br>Enter "Southern" in response to Question D, below.<br><br>If none applies, answer question C2 to the right. ➡ | Your case will initially be assigned to the EASTERN DIVISION.<br>Enter "Eastern" in response to Question D,  below.<br><br>If none applies, go to the box below. ⬇ |
| Your case will initially be assigned to the WESTERN DIVISION.<br>Enter "Western" in response to Question D below. | |

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | Western Division |

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**IX(a). IDENTICAL CASES**: Has this action been previously filed **in this court** and dismissed, remanded or closed?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES**: Have any cases been previously filed **in this court** that are related to the present case?  ☒ NO   ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY**
**(OR SELF-REPRESENTED LITIGANT):** _____   DATE: 3/21/14

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |